c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANGELA M. CHELETTE,                    CIVIL ACTION NO. 1:19-CV-00573
Plaintiff

VERSUS                                 JUDGE DRELL

ROBERT L. WILKIE,                      MAGISTRATE JUDGE PEREZ-MONTES
SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,
Defendant

---

## REPORT AND RECOMMENDATION

Before the Court is an unopposed Rule 12(b)(1) Motion to Dismiss (ECF No. 15) filed by Defendant Robert L. Wilkie ("Wilkie"), Secretary of the Department of Veterans Affairs ("VA"). Because pro se Plaintiff Angela M. Chelette ("Chelette") failed to timely file suit, Wilkie's Rule 12(b)(1) Motion to Dismiss (ECF No. 15) should be GRANTED.

I.   Background

On April 30, 2019, Chelette filed a Complaint, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII") and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* ECF No. 1 at 1. Chelette asserts she received a final agency decision ("FAD") related to her Equal Employment Opportunity ("EEO") charge (2003-0502-2018103608), which she filed on May 22, 2018. *Id.* The FAD favored the VA, finding Chelette failed to establish discrimination. *Id.* Chelette was instructed of her right to file a civil action. *Id.* at 1.

1

Chelette, a social services worker, alleges "discrimination based on reprisal and disability related to the agency issuing [her] a proposed removal from office on February 27, 2018." *Id.* Chelette asserts she is "a victim of severe and persistent harassment, hostility, disparate treatment, persistent sabotaging of work efforts, denial of advancement opportunities, requested training/supervision, and reprisal for filing complaints for a period exceeding ten years while employed at the Alexandria VA Health Care System." *Id.* at 2.

Chelette contends that between the years of 2010 and 2017, she filed nine complaints based on harassment, hostile work environment, and racial discrimination. *Id.* She requested a reasonable accommodation due to psychiatric conditions that became unmanageable in a highly abusive, toxic environment. *Id.* at 3. Chelette alleges her request was denied. *Id.*

Chelette was removed from office in July 2018. *Id.* at 4. On February 9, 2019, she requested "a hearing in the 'non-mixed portion' of the May 22, 2018 [EEO] complaint." *Id.* Chelette alleges her request remains unanswered. *Id.* Chelette contends she filed a Louisiana Workforce Commission appeal and that a "telephone hearing was conducted in December 2018." She asserts the Administrative Law Judge "reversed and removed the disqualification of benefits be[sic] deciding that the removal was not related to the conduct." *Id.* She states the decision was mailed on January 3, 2019, related to claim number 4145507. *Id.* Chelette seeks lost wages, medical expenses, general damages, and disability retirement from the VA. *Id.* at 5.

Wilkie filed a Rule 12(b)(1) Motion to Dismiss.  ECF No. 15.  Wilkie seeks dismissal of Chelette's action as time-barred.  *Id.* at 8.  Wilkie attaches the following in support:  (1) Chelette's EEO "Complaint of Employment Discrimination" (2003-0502-2018103608) ("EEO Complaint") (ECF No. 15-2); (2) "Notice of Partial Acceptance of [Chelette's] EEO Complaint No. 2018103608" ("Notice of Partial Acceptance") (ECF No. 15-3); (3) "Notice of Amendment of Mixed Case Complaint No. 2003-0502-2018103608" ("Notice of Amendment") (ECF No. 15-4); (5) Investigative Report (ECF No. 15-5); (6) the FAD (ECF No. 15-6); and (7) the Declaration of Marcella Callender ("Callendar") (ECF No. 15-7).  Chelette does not oppose.

## II.    Law and Analysis

### A.    Standards governing the 12(b)(1) Motion to Dismiss.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also* Fed. R. Civ. P. 12(b)(1).  A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161.

The burden of proof for a Rule 12(b)(1) motion to dismiss falls on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)). Accordingly, the plaintiff constantly bears the

burden of proof that jurisdiction does, in fact, exist. *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Ramming*, 281 F.3d at 161 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings, as well as to conduct a limited evidentiary hearing, in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion." *Martin v. Napolitano*, 11-CV-1368, 2012 WL 1413579, at *3 (W.D. La. Apr. 2, 2012), *report and recommendation adopted,* 11-CV-1368, 2012 WL 1413162 (W.D. La. Apr. 23, 2012) (citing *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) ("[W]here subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations.")

B.     <u>Chelette's action should be dismissed for lack of jurisdiction as time-barred.</u>

In order to file a Title VII claim in federal court, the plaintiff must exhaust all administrative remedies prior to filing and file the complaint within the allotted time provided by Title VII. *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). "Failure to comply with either of these requirements wholly deprives the district court of jurisdiction over the case; it is well-settled law of this circuit that each requirement is a prerequisite to federal subject matter jurisdiction." *Id.*

In a "mixed case"[1] – as here – an aggrieved federal employee can either: (1) seek administrative relief through the Merit Systems Protection Board ("MSPB"), an independent, quasi-judicial federal administrative agency that was established to review civil service decisions, 5 U.S.C. § 1221; or (2) file a complaint with the employing agency's EEO department, 5 U.S.C. § 7702. *See Robinson v. Rubin*, 77 F.Supp.2d 784, 793 (S.D. Tex. June 21, 1999) (citing *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995)); *see also Johnson v. Danzig*, 2001 WL 562080 at *2 (E.D. La. 2001). The EEO or the MSPB decide both the issues of discrimination and the adverse employment action. *See* 29 C.F.R. § 1614.302; 5 C.F.R. § 1201.156. Once the employee who initiates either of these procedural paths receives a final

---

[1] A "mixed case" is a complaint of "a personnel action serious enough to appeal to the [Merit Systems Protection Board] *and* [an] alleg[ation] that the action was based on discrimination." *Gause v. Shanahan*, 801 Fed.Appx. 247, 249–50 (5th Cir. 2020) (citing *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). Here, Chelette filed her Complaint directly with the VA's EEO office alleging discrimination related to her removal. ECF No. 15-2. Thus, Chelette's EEO Complaint is a "mixed case" complaint. *See Casimier v. U.S. Postal Service*, 142 Fed.Appx. 201, 204 (5th Cir. 2005).

determination, the employee may pursue judicial review of the final determination. *See* 29 C.F.R. § 1614.310; 5 U.S.C. § 7703(a)(1), (b)(1)-(2). A plaintiff asserting a mixed claim may file a civil suit within 30 days of a final agency EEO decision. *See* 29 C.F.R. § 1614.310(a) (a plaintiff is authorized to file a civil action "[w]ithin 30 days of receipt of a final decision issued by an agency on a [mixed] complaint unless an appeal is filed with the MSPB").[2]

On May 22, 2018, Chelette filed a formal EEO Complaint of Employment Discrimination (2003-0502-2018103608). ECF No. 15-2 at 1-2. On July 5, 2018, The VA Office of Resolution Management ("VA ORM") issued a "Notice of Partial Acceptance." ECF No. 15-3.

On October 11, 2018, the VA ORM issued a "Notice of Amendment of Mixed Case Complaint" (ECF No. 15-4), acknowledging receipt of Chelette's amendment request to her EEO Complaint. ECF No. 15-4. Chelette was advised her request includes an employment matter – her removal from employment effective July 24, 2018 – appealable to the MSPB, making it a "mixed case complaint." *Id.* The notice advised that EEOC mixed case regulations provide specific procedures and separate time periods for processing EEO complaints that contain matters appealable to the MSPB. *Id.* The notice also informed Chelette that, as to the non-mixed portion of her complaint, she would be provided the option to elect either a hearing before an EEOC Administrative Judge or an agency FAD. *Id.*

---

[2] The statutory time periods for filing in a "mixed case" differ from that of non-mixed Title VII claims. *Compare* 42 U.S.C. § 2000e-16(c) (providing that a civil action may be filed within 90 days of receipt of notice of final action) *with* 29 C.F.R. § 1614.310(a) (providing that a civil action may be filed within 30 days of receipt of final agency decision on a complaint).

On March 25, 2019, the VA issued a FAD, stating that Chelette failed to show that the agency discriminated against her as alleged. ECF No. 15-6 at 9. Chelette was advised she could appeal the FAD to the MSPB (not the EEOC) within 30 calendar days of receipt of the decision, and request a hearing, or as a civil action complaint in an appropriate United States District Court within 30 calendar days of receipt of the decision. *Id.* at 10.

Callendar, a paralegal specialist with the VA Office of Employment Discrimination Complaint Adjudication ("OEDCA"), attests via affidavit that Chelette initially filed a formal EEO Complaint on May 22, 2018, later amended on October 11, 2018, alleging discrimination by officials at the Alexandria VA Medical Center ("VAMC") in Pineville, Louisiana. ECF NO. 15-7 at 1. Callendar further attests that the office issued a FAD which found in favor of the agency. *Id.* The FAD was mailed first-class to Chellete on March 25, 2019. *Id.* at 2.

Here, Chelette did not file suit in this Court until April 30, 2019, over 30 days after the VA's FAD was issued on March 25, 2019. ECF Nos. 1, 15-6. The record contains a Certificate of Service attached to the FAD, notifying Chelette of the VA's five-day presumption of receipt of the FAD. ECF No. 15-6 at 12. The United States Court of Appeals for the Fifth Circuit has held that a five-day presumption of receipt is reasonable. *See Morgan v. Potter*, 489 F.3d 195, 197 (5th Cir. 2007) ("[W]e hold that when an agency notifies a party of his or her right to sue, and includes in that notification a presumption of receipt, that presumption will be upheld so long as it is reasonable.").

Applying the five-day presumption of receipt, Chelette had until April 29, 2019 to timely file suit.  Chelette provided no evidence to the contrary.  Chelette filed suit on April 30, 2019.  ECF No. 1.  Thus, Chelette's action is time-barred and the Court lacks subject matter jurisdiction.  *See Kin v. Shinseki*, 2009 WL 2215079, at *2-3 (S.D. Tex. Jul. 21, 2009) (granting Rule 12(b)(1) dismissal for failure to file civil action within 30 days after receipt of final agency decision); *see also Eiler v. United States Post Office*, 2009 WL 10705390, at *6 (N.D. Tex. Apr. 23, 2009) (granting Rule 12(b)(1) dismissal for failure to file civil action within 30 days after receipt of notice of MSPB's final decision).[3]

## III.   Conclusion

Because Chelette's action is time-barred;

IT IS RECOMMENDED that Wilkie's Rule 12(b)(1) Motion to Dismiss (ECF No. 15) be GRANTED.  Walker's claims should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

---

[3] Wilkie argues in a footnote that Chelette's reference to the "non-mixed" portion of her EEO Complaint should be dismissed for failure to properly exhaust her administrative remedies. ECF No. 15-1 at 2-3.  However, Chelette's allegations as to the "non-mixed" portion are presented as facts in support of her challenge to the FAD denial. ECF No. 1 at 4.  She alleges her appeal resulted in a favorable determination in which the ALJ reversed and removed her disqualification of benefits, finding her removal was not related to the conduct. *Id.* Chelette does not challenge this determination. *Id.* The Court need not address lack of exhaustion of the "non-mixed" portion of Chelette's EEO Complaint as she clearly invokes her right to file a civil action in reference to the FAD denial on the "mixed" portion. *Id.* at 1.

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of June 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE